UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Steven Hooper,<br><br>              *Defendant.* | [~~PROPOSED~~]<br>**PROTECTIVE ORDER**<br><br>S1 19 Cr. 774 (JSR) |

Upon the application of the United States of America and the defendant having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material and Confidential Information.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include sensitive information ("Confidential Information") that (*i*) affects the privacy, confidentiality, and business interests of individuals and entities; (*ii*) will impede the Government's ongoing investigation of uncharged individuals if prematurely disclosed; (*iii*) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; or (*iv*) the broad disclosure of which would pose safety risks to individuals.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government expeditiously to produce Disclosure Material without further litigation or the need for substantial redactions. It will also afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.

5. Disclosure Material may be disclosed by the defense to:

   a. The defendant;

   b. The following persons (hereinafter, "Designated Persons"):

      i. investigative, paralegal, secretarial, clerical, and other personnel employed or retained by defense counsel;

      ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action; and

   c. such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Disclosure Material is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Disclosure Material is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order. Defense Counsel shall maintain a record of what Disclosure Material has been disclosed to Designated Persons pursuant to this Order.

6. Defense counsel may show Disclosure Material to potential witnesses ("Potential Witnesses") during the course and for the purpose of investigation, but shall not disseminate Disclosure Material to Potential Witnesses or permit Potential Witnesses to make or retain copies of Disclosure Material. To the extent Disclosure Material is disclosed to Potential Witnesses, defense counsel shall first instruct each Potential Witness as to the terms of this Order and instruct

such Potential Witnesses that they are bound by the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Potential Witnesses pursuant to this Order.

7. The defense, including the defendant, shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

8. Unless authorized in writing by the Government or by an order of this Court, no Confidential Information so designated by the Government, or information derived therefrom, shall be filed publicly whether excerpted within a filing or as an attachment to a filing. Any filings incorporating, containing, or referencing Confidential Information shall be filed under seal or redacted to remove names and personal identifying information of victims and third parties.

9. In the event of any dispute as to the Government's designation of particular material as Confidential Information, the parties shall meet and confer regarding such dispute, without prejudice to defense counsel's ability to seek de-designation of such material by the Court. Absent a contrary order of this Court, the Government's designation of material as Confidential Information shall be controlling.

10. The Government may authorize, in writing, disclosure of Disclosure Material, including Confidential Information, beyond that otherwise permitted by this Order without further Order of this Court

11. This Order does not prevent the disclosure of any Disclosure Material, including Confidential Information, in any judicial proceeding in this action, or to any judge or magistrate judge, for purposes of this action. All public filings shall separately should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

*Return or Destruction of Sensitive Disclosure Material*

6. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, within thirty (30) days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

*Retention of Jurisdiction*

7. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

8. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

**SO ORDERED:**

Dated: New York, New York
~~December ___, 2021~~
1-3-22

_____
THE HONORABLE JED S. RAKOFF
United States District Judge
Southern District of New York

**AGREED AND CONSENTED TO:**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____   Date: December 29, 2021
Jessica K. Feinstein
Olga I. Zverovich
Assistant United States Attorneys

By: _____   Date: 21 December 2021
Priya Chaudhry, Esq.
Counsel for Defendant Steven Hooper

By: s/Steven Hooper (by Priya Chaudhry)   Date: 21 December 2021
Steven Hooper

5