UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

STEVEN HOOPER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S3 19 Cr. 774 (JSR)

        WHEREAS, on or about April 8, 2022, STEVEN HOOPER (the "Defendant"), was charged in a one-count Superseding Information, S3 19 Cr. 774 (JSR) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count One);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) of any and all property, real or personal, constituting or derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

        WHEREAS, on or about April 8, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, a sum of money equal to $760,977.12 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $760,977.12 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Christopher Wright, to the extent a forfeiture money judgment is entered against Christopher Wright in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Jessica Feinstein, Olga Zverovich and David Felton, of counsel, and the Defendant, and his counsel, Priya Chaudhry, Esq. and Shaelyn Gambino-Morrison, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $760,977.12 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Christopher Wright, to the extent a forfeiture money judgment is entered against Christopher Wright in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant STEVEN HOOPER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number

4. The United States Department of Treasury or its designee shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          4/8/22
JESSICA FEINSTEIN                                        DATE
OLGA ZVEROVICH
DAVID FELTON
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1946/2514/2299


STEVEN HOOPER

By: _____          8 APRIL 2022
STEVEN HOOPER                                            DATE

By: _____          8 April 2022
PRIYA CHAUDHRY, ESQ.                                 DATE
SHAELYN GAMBINO-MORRISON, ESQ.
Attorneys for Defendant
45 West 29th Street, Suite 303
New York, New York 10003


SO ORDERED:

_____              4/8/22
HONORABLE JED S. RAKOFF                          DATE
UNITED STATES DISTRICT JUDGE